O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4176 AHM (AGRx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | CLAUDIA PALACIOS v. FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

On June 11, 2009, Plaintiff Claudia Palacios filed a Complaint, asserting fifteen causes of action against the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Washington Mutual Bank, and JP Morgan Chase Bank ("JP Morgan"), which is allegedly the assignee of the assets and liabilities of Washington Mutual Bank ("WAMU"). The allegations in the Complaint arose out of a mortgage loan transaction between WAMU and Plaintiff that closed on August 7, 2006. On July 7, 2009, JP Morgan filed a motion to dismiss the Complaint for failure to state a claim. Plaintiff did not file an opposition, and on July 30, 2009, the Court granted JP Morgan's motion.

On August 12, 2009, Plaintiff filed her First Amended Complaint ("FAC"), alleging seven causes of action arising out the August 7, 2006 loan transaction with WAMU as well as a second transaction for a "FIXTED [sic] ARM Note" secured by a Second Deed of Trust on the Property with WAMU on an unspecified date. FAC ¶¶ 9, 11. On November 23, 2009, JP Morgan again filed a motion to dismiss all claims against it pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has again failed to oppose the motion to dismiss. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7–12. In addition, the motion appears meritorious on its face. Accordingly, the Court GRANTS JP Morgan's Motion to Dismiss[1] for the reasons explained below.

On September 25, 2008, the Office of Thrift Supervision closed WAMU and

---

[1] Docket No.22..

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4176 AHM (AGRx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | CLAUDIA PALACIOS v. FEDERAL DEPOSIT INSURANCE CORPORATION, *et al*. | | |

appointed the FDIC as its Receiver.  *See* JP Morgan's Request for Judicial Notice ("RJN") Exh. 8.   When an FDIC is appointed as Receiver of a failed institution, it succeeds to "all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution . . ."  12 U.S.C. § 1821(d)(2)(A)(i).  On September 25, 2008 (the same date that the FDIC was appointed WAMU's Receiver), the "bulk of" WAMU's assets were transferred to JP Morgan pursuant to a Purchase and Assumption Agreement. Motion at 4.  Article 2.5 of the Purchase and Assumption Agreement expressly provides that

> any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower . . . related in any way to any loan or commitment to lend made by [WAMU] prior to failure, or to any loan made by a third party in connection with a loan which is or was held by [WAMU], or otherwise arising in connection with [WAMU's] lending or loan purchase activities are *specifically not assumed by* [JP Morgan].

*See* RJN Exh. 7 at 9 (emphasis added). Thus, "by the terms of the P&A Agreement, JP Morgan expressly disclaimed assumption of liability arising from borrower claims . . . [t]his section leaves the FDIC as the responsible party with respect to those claims." *Hilton v. Washington Mutual Bank, et al*., 3:09-cv-01191-SI (N.D. Cal. Oct. 28, 2009) at 4 (quoting *Cassesse v. Washington Mutual Bank,* 05 CV 2724 (ADS) (ARL), slip op. At 6 (E.D.N.Y. Dec. 22, 2008) (interpreting identical Purchase and Assumption Agreement).

   Plaintiff has not provided the Court with any reason why Article 2.5 of the Purchase and Assumption Agreement does not bar her claims against JP Morgan that arise out of her status as a borrower of WAMU, even at the court hearing conducted on December 21, 2009.  Accordingly, the Court DISMISSES the case, with prejudice, as to JP Morgan.

   This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

_____ : _____

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4176 AHM (AGRx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | CLAUDIA PALACIOS v. FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.* | | |

| | Initials of Preparer | SMO |
|---|---|---|